IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION



| | |
|---|---|
| MARC A. DONALD,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　　　　　　Defendant. | CIVIL ACTION NO. 3:04-CV-0090<br><br><br>OPINION & ORDER<br><br><br><br>JUDGE NORMAN K. MOON |

This case was referred to the Honorable Pamela M. Sargent, United States Magistrate Judge, for proposed findings of fact and a recommended disposition. The Magistrate filed her report on September 28, 2005, recommending that this Court enter an Order denying the Commissioner's and Plaintiff's motions for summary judgment, filed April 13, 2005, and September 11, 2005, respectively. The Magistrate further recommended that this Court vacate the Commissioner's decision denying benefits and remand to the Commissioner for further consideration of Plaintiff's mental impairment and its effect on his work-related abilities.

After a careful review of the record in this case, and no objection having been filed to the Magistrate Judge's Report within ten (10) days of its service upon the parties, this Court adopts the Magistrate Judge's report. The Court adds the following observations:

- After Plaintiff made a prima facie showing that he is unable to perform his past relevant work because of his impairments, (R. at 202), the burden shifted to the Secretary to

- establish that he has sufficient residual functional capacity to engage in an alternative job existing in the national economy. *McLain v. Schweiker*, 715 F.2d 866, 869 (4th Cir. 1983); *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981).

- At the hearing, the ALJ posed the following question to the vocational expert, Dr. Earl Glosser:

    > Hypothetically, given this gentleman's age, his educational background and his prior work experience, what kind of jobs would there be for somebody who had to be—work by himself pretty much, maybe at night, you know, not around many coworkers or dealing with the public and that kind of thing, maybe outdoors in the woods?

    (R. at 201-02). Dr. Glosser answered that an individual of this description could do light or medium janitorial work or work as a night security guard. (R. at 202).

- Responding to questioning by Plaintiff's representative, Dr. Glosser testified that an individual with poor or no ability to carry out simple job instructions, or a marked inability to react appropriately with coworkers, could not perform either job. (R. at 203-04). Dr. Glosser did not testify further on the effect of Plaintiff's limitations on his residual functional capacity.

- After the ALJ discredited the opinions of Dr. Reiter and psychologist Leen as to Plaintiff's residual functional capacity, (R. at 19-20), the remaining evidence relevant to this issue was (1) Dr. Glosser's testimony, and (2) the opinions of state agency psychologists Drs. Grennell and Cronin. Drs. Grennell and Cronin found Plaintiff "moderately limited" in various work-related functional abilities, including, among others, the ability to maintain attention and concentration for extended periods; to complete a normal workday and workweek without interruptions from psychologically-based symptoms and perform at a consistent pace without an unreasonable number and

length of rest periods; and accept instructions and respond appropriately to criticism from supervisors. (R. at 16; 168-69).

- While noting that Dr. Glosser had found no jobs that could be performed by an individual with poor or no ability to remember and carry out simple job instructions or with a marked inability to work with co-workers, the ALJ did "not accept these limitations as representative of the actual, genuine work-related functional limitations possessed by the claimant." (R. at 21). This finding is supported by substantial evidence.
- Without more, the ALJ then concluded: "Based on the testimony of the vocational expert, I have concluded that considering the claimant's age, educational background, work experience, and residual functional capacity, he is capable of making a successful adjustment to work that exists in significant numbers in the national economy."

As Judge Sargent properly found in her report, this last finding is not supported by substantial evidence. In his hypothetical, the ALJ asked Dr. Glosser to evaluate Plaintiff's RFC assuming only one impairment—an inability to deal with co-workers and the public. Notably, Dr. Glosser did not testify as to whether Plaintiff's other undisputed limitations—which include a moderately limited ability to concentrate for extended periods, to complete a normal workday and workweek without interruptions, and to accept instructions and respond appropriately to criticism from supervisors—preclude his work as a janitor or night security guard. As such, the Secretary did not meet its burden of demonstrating that an alternative job exists in the national economy for Plaintiff despite his impairments.

Accordingly, it is this ORDERED that the Report and Recommendation of the United States Magistrate Judge filed September 28, 2005, shall be, and hereby is, ADOPTED.

Plaintiff's and Commissioner's Motion for Summary Judgment are DENIED. The Commissioner's decision denying benefits is VACATED, and the case is REMANDED for further consideration of Plaintiff's residual functional capacity in accordance with this Order and the Magistrate's report.

This case is dismissed and stricken from the docket of the Court.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTER: *Norman K. Moon*
U.S. District Court Judge

DATE: *March 17, 2006*