# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| **MARC A. DONALD**, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:04cv00090 |
| | ) | |
| | ) | **OPINION** |
| **MICHAEL J. ASTRUE,** | ) | |
| Commissioner of Social Security,[1] | ) | By:   P<small>AMELA</small> M<small>EADE</small> S<small>ARGENT</small> |
| Defendant | ) | United States Magistrate Judge |

In this social security action, I am asked to rule on a motion for an attorney's fee, (Docket Item No. 27) ("the Motion"). Based on the reasoning set out below, the Motion will be granted, but a reduced fee will be awarded.

Marc A. Donald filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying his claim for a period of disability and disability insurance benefits, ("DIB"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. § 423. (West 2003 & Supp. 2007). Jurisdiction of this court exists pursuant to 42 U.S.C. § 405(g). The Commissioner answered the suit, filing the administrative record. Thereafter, the court, by order entered March 17, 2006, vacated the Commissioner's decision denying benefits and remanded the case

---

[1]Michael J. Astrue became the Commissioner of Social Security on February 12, 2007, and is, therefore, substituted for Jo Anne B. Barnhart as the defendant in the action pursuant to Federal Rule of Civil Procedure 25(d)(1).

-1-

to the Commissioner for further consideration. (Docket Item No. 22.) Counsel for Donald filed a petition seeking approval of a fee of $ 12,821.00 for representing Donald in this court. By order entered January 11, 2008, the court ordered the Commissioner to respond to the Motion and to forward to the court a copy of the Notice of Award Letter from the SSA. (Docket Item No. 28.) The court further ordered the plaintiff to inform the court of any fee obtained from the SSA. Thereafter, the Commissioner responded, not objecting to the plaintiff's request for fees and forwarding the Notice of Award Letter as directed by the court. (Docket Item No. 29.) Plaintiff's counsel now has informed the court that she has neither sought nor received any fee for services rendered before the SSA. (Docket Item No. 31.) However, by way of a stipulation agreement between the parties, approved by this court on August 1, 2006, plaintiff's counsel was awarded an attorney's fee in the amount of $ 3,906.68 under the Equal Access to Justice Act, ("EAJA"), found at 28 U.S.C.A. § 2412(d)(1)(A) (West 2006) . (Docket Item No. 26.)

In proceedings under title II of the Act, the court is authorized to determine and allow a "reasonable [attorney's] fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C.A. § 406(b)(1)(A) (West 2003 & Supp. 2007). The Fourth Circuit, construing the legislative history, has held that the 25 percent limit includes any separate fee authorized by the Commissioner for services rendered in the administrative proceedings. *See Morris v. Soc. Sec. Admin.,* 689 F.2d 495, 497 (4th Cir. 1982) (per curiam).

The Supreme Court has held that a district court, in determining a fee under § 406(b)(1)(A), must consider the fee arrangement between the client and the attorney,

including a contingency fee arrangement, as the first step in testing the requested fee for reasonableness. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 808 (2002). In this case, Donald's counsel has not provided the court with a fee agreement. The Commissioner has provided the court with a copy of the Social Security Administration's June 17, 2007, Notice Of Award Letter, which states that it has awarded benefits to Donald. The letter states that it has withheld $ 12,821.00, or 25 percent, of the past due benefits to pay any claimed attorney's fee.

Also, in determining a reasonable fee, courts should consider whether counsel's actions contributed to a delay allowing an accumulation of past due benefits or whether the benefits awarded are large in comparison to the amount of time expended by the attorney. *See Gisbrecht*, 535 U.S. at 808. Furthermore, it appears proper for the court to consider the so-called "lodestar" method of fee determination, whereby a reasonable fee is determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate, to assess the reasonableness of the agreed fee. *See Gisbrecht*, 535 U.S. at 801-02 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) ("[t]he most useful starting point for [court determination of] the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate"); *see also Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). Also, the fee petitioner bears the burden of justifying a requested fee. *See Blum v. Stenson,* 465 U.S. 886, 896 n.11 (1984).

In the present case, Donald's counsel has supplied evidence that shows that

counsel spent a total of 32.8 hours in representing Donald in this court.[2] The time expended appears reasonable. Also, the Motion requests a total fee of $ 12,821.00, which, if paid for 63.4 hours of work, would result in a payment of $ 200.00 per hour. However, since the court has excluded all but 32.8 hours for services rendered before it, the fee, at a rate of $200.00 per hour, would be $ 6,560.00. I further find that there is no evidence that counsel in any way contributed to a delay in the award of benefits; nor do I find that the benefits awarded were great in comparison to the hours expended by counsel. Thus, taking into account all of the relevant factors, I find that a fee of $ 6,560.00 is reasonable.

For the foregoing reasons, the Motion will be granted and a judgment will be entered awarding the plaintiff's attorney a fee of $ 6,560.00.

Furthermore, an award of fees under 42 U.S.C. § 406(b)(1)(A) is deducted from the claimant's disability benefits, whereas an EAJA award is paid separately by the government. Where attorneys' fees are awarded under both provisions, as they have been in this case, the EAJA compensation serves as a reimbursement to the claimant for fees paid out of the disability award. In such a case an attorney is not allowed a double recovery in that the attorney must refund the amount of the smaller fee to the claimant. *See Gisbrecht,* 535 U.S. at 796 (quoting Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 1985 U.S.C.C.A.N. (99 Stat.) 186). Therefore, this court will further

---

[2]Counsel has submitted a sworn, itemized statement of the time expended before this court in representing Donald. After reviewing this statement, the court has determined that much of the time for which counsel is seeking a fee was actually for services rendered in the case on remand. That time is not compensable by this court, but by the SSA. Therefore, the court has determined that plaintiff's counsel spent 32.8 hours in representing the plaintiff before this court, as opposed to the 63.4 hours for which she seeks the fee.

order that Donald's attorney must refund the smaller of the two fees to Donald.

DATED: February 6, 2008.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE